# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANNIE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.: 2:14-cv-01152-JEO |
| | ) |
| ENCORE CAPITAL GROUP INC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is before the court on Defendants Encore Capital Group, Inc.; Midland Funding, LLC; and Midland Credit Management, Inc.'s (collectively "Midland") Motion to Dismiss and Motion for Partial Summary Judgment. (Doc. 7). The motion has been fully briefed. (Docs. 7, 13, and 14). The parties have consented to the full jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (Doc. 21). For the reasons stated more fully below, the court finds that Defendants' Motion to Dismiss and Motion for Partial Summary Judgment is due to be granted.

## I.   FACTS[1]

On November 30, 2005, Plaintiff opened a credit account with Barclays Bank Delaware. (Doc. 7-1 at 4). Plaintiff last paid on that account on November 18, 2008, and on June 29, 2009, the account was charged off. (*Id.*) The balance on the account was $2,442.39. (*Id.*) On

---

[1] Unless otherwise noted, the facts presented below are taken from the allegations in the Complaint and the documents attached thereto. The court accepts these allegations as true for purposes of the motion to dismiss. The only additional factual information presented in support of the partial motion for summary judgement concerns the last payment date of the underlying debt and the charge off date of the same. (Doc. 7-1). Plaintiff does not dispute these dates. (Doc. 13 at 8). Accordingly, the court will accept this information as true for purposes of summary judgment.

December 14, 2012, Midland purchased the debt from Barclays.  (*Id*. at 2, ¶ 4).

On June 18, 2013, Midland filed suit in Small Claims Court in Jefferson County, Alabama seeking to recover $2,442.39 plus post-judgment interest (the "Collection Suit").  (Doc. 1 at ¶ 16).  The action contained three claims: (1) Breach of Contract, (2) Money Had and Received and (3) Account Stated.  (Doc. 1 at 18-21).  On August 29, 2013, Plaintiff, who was represented by counsel, filed an answer asserting that she was not indebted to Midland "and that any alleged outstanding debt was more than six years old and, therefore, violated the statute of limitations." (Doc. 1 at ¶ 18).  The answer further asserted that "the Complaint violates the statute of limitations pursuant to ALABAMA CODE Section 6-2-37 for open accounts which must be commenced within three years, as it appears that this is an open account and the statute of limitations that should apply here is for an open account which is three years under the case of Ayers v. Calvary SVP1, LLC, 876 So. 2d 474 (Ala. 2003)." (Doc. 1 at 22).

"Subsequently, on or about September 14, 2013 [Midland] pulled Plaintiff's credit report." (Doc. 1 at ¶ 19).  Plaintiff alleges that Midland "did not have a lawful or permissible purpose for requesting, obtaining, and using the Plaintiff's consumer report." (Doc. 1 at ¶ 20).

The small claims case was set for trial on October 7, 2013.  (Doc. 1 at 21).  At that time, Jefferson County District Judge Bynon entered the following order: "All parties represented by their respective counsel in open court this date, by agreement and for good cause shown, this case is hereby dismissed with prejudice, costs of Court taxed against Plaintiff." (Doc. 1 at 25).

On June 17, 2014, Plaintiff filed the Complaint that forms the basis of this action.  (Doc. 1).  This Complaint contains six claims.  Count I alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; Count II alleges invasion of the right to

privacy; Count III alleges negligent, reckless, and wanton training and supervision; and Counts IV-VI allege various violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. (Doc. 1). Midland has moved for summary judgment as to Count I and to dismiss for failure to state a claim as to the remaining counts. The court will first address the motion to dismiss and then the motion for partial summary judgment.

## II.     STANDARDS OF REVIEW

### A.     Motion to Dismiss

Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE authorizes a motion to dismiss all or some of the claims in a complaint on the ground that its allegations fail to state a claim upon which relief can be granted. Such a motion tests only the sufficiency of the claim set out in the plaintiff's pleadings. *Harris v. Proctor & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996). Thus, the "'issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 556

U.S. 662, 678-79 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Nor is it proper to assume that the plaintiff can prove facts it has not alleged or that the defendants have violated the law in ways that have not been alleged. *Twombly*, 550 U.S. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 550 U.S. at 555 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level ...." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.*, its "factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted).

      **B.**     **Motion for Summary Judgment**

Pursuant to Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE, party is authorized to move for summary judgment on all or part of a claim or defense asserted either by or against the movant. Under that rule, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions

4

"which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A), (B).  Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  In its review of the evidence, a court must credit the evidence of the non-movant and draw all justifiable inferences in the non-movant's favor. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).  At summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### III.   DISCUSSION

#### A.   Motion to Dismiss the State Law Claims

Plaintiff's Complaint contains two state law claims: Count II for Invasion of the Right of Privacy and Count III for Negligent, Reckless and Wanton Training and Supervision.  (Doc. 1 at

¶¶ 57-60). The basis for Plaintiff's invasion of privacy claim is that "Midland's actions in filing suit against and serving Ms. Brown with the Collection Suit caused her to become extremely upset, humiliated, scared and embarrassed. This public record needlessly humiliated her and others were obviously aware of the Collection Suit that had been filed against her. These actions were made in disregard for Plaintiff's right to privacy."[2] (Doc. 1 at ¶ 34). Midland has moved for dismissal of this claim on the grounds that its conduct in filing and serving the collection action was protected by the litigation privilege and as such cannot constitute the basis of civil liability and, alternatively, that these actions, as alleged in the complaint, do not rise to the level necessary to state a claim. Because the court finds that the allegations in the Complaint fail to state a claim, the undersigned need not address whether the litigation privilege applies.

"The tort of invasion of the right of privacy, insofar as it applies to actions of a creditor in regard to his debtor, is 'the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.'" *Liberty Loan Corp. of Gadsden v. Mizell*, 410 So. 2d 45, 47 (Ala. 1982) (quoting *Norris v. Moskin Stores, Inc,* 132 So. 2d 321, 323 (Ala. 1961)). The Supreme Court of Alabama has defined the wrongful intrusion aspect of invasion of privacy by adopting the definition from the Restatement (Second) of Torts. *Phillips v. Smalley Maintenance Services, Inc.*, 435 So. 2d 705, 708-09 (Ala. 1983), *see also Johnson v. Stewart*, 854 So. 2d 544, 547-48 (Ala. 2002). It states: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his

---

[2] In her response in opposition to the motion to dismiss (doc. 13), Plaintiff makes reference to Defendants' "systematic campaign of harassment in repeatedly asl her to collect on a debt that Plaintiff did not owe" (doc. 13 at 4). However, there are no allegations in the Complaint concerning Midland calling Plaintiff.

privacy, if the intrusion would be highly offensive to a reasonable person." RESTATEMENT (SECOND) OF TORTS, § 652B (1977).

Here, the basis of Plaintiff's invasion of privacy claim is the filing and serving of the Collection Suit. These actions do not rise to the level of action that would be highly offensive to a reasonable person. *Windsor v. General Motors Acceptance Corp.*, 323 So. 2d 350 (1975) (finding that fifteen to twenty telephone calls and home visits to a debtor in an attempt to collect a debt were insufficient to sustain a claim for invasion of privacy); *Glenn v. Checksmart Fin. Co., Inc.*, No. 2:13-cv-1715-KOB, 2014 WL 279677 (N.D. Ala. Jan. 7, 2014) ("A single voice message and various nondescript phone calls, without any additional facts, do not support a claim of a highly offensive intrusion."). Further, the allegations here do not rise to the level that the Alabama Supreme Court has deemed sufficient for stating a claim. *Jacksonville State Bank v. Barnwell*, 481 So. 2d 863, 865–66 (Ala. 1985) (upholding an invasion of privacy claim where a creditor telephoned the debtor's home and place of employment twenty-eight to thirty-five times, went to the debtor's place of employment and called the debtor a "deadbeat" and a "son of a bitch" in front of his colleagues, and fraudulently altered a security instrument in an attempt to collect the debt). Plaintiff alleges that "the Collection Suit caused her to become extremely upset, humiliated, scared and embarrassed." (Doc. 1 at ¶ 34). However, "efforts to collect a debt may be annoying, embarrassing, and upsetting without rising to the level of an invasion of privacy." *Leahey v. Franklin Collection Serv., Inc.*, 756 F. Supp. 2d 1322, 1327-28 (N.D. Ala. 2010). As such the undersigned finds that Defendants' motion to dismiss this claim be granted.

This result also necessitates the finding that Plaintiff's Negligent, Reckless and Wanton Training and Supervision claim likewise be dismissed. "To sustain a claim for negligent or

wanton hiring or supervision, training and/or retention, the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort." *Leahey*, 756 F. Supp. 2d at 1328-29. Because Plaintiff's invasion of privacy claim fails as a matter of law, she cannot sustain a claim for negligent, reckless and wanton training and supervision.

      **B.**      **Motion to Dismiss the FCRA Claims**

Plaintiff's Complaint alleges that Defendants violated the FCRA in three ways: (1) Count IV alleges that "Defendants knowingly and willingly used deception and false pretenses to obtain the Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose" in violation of 15 U.S.C. § 1681q (doc. 1 at ¶¶ 46-47); (2) Count V alleges that "Defendants acted knowingly in requesting and obtaining the Plaintiff's credit report without permissible purpose" in violation of 15 U.S.C. § 1681b(f) (doc. 1 at ¶¶ 49-50); and (3) Count VI that "Defendants acted willfully in requesting and obtaining the Plaintiff's credit report without a permissible purpose" in violation of 15 U.S.C. § 1681b(f) (doc. 1 at ¶¶ 52-53). Midland has moved to dismiss all three Counts for failing to state a claim.

As noted above, Count IV alleges that Midland violated 15 U.S.C. § 1681q when it obtained Plaintiff's consumer report. That provision provides: "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both." 15 U.S.C. § 1681q. Consumer information is obtained under false pretenses if it is obtained by failing to disclose the lack of a permissible purpose. *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002) (abrogated on other grounds). Counts V and VI allege violations of 15 U.S.C. § 1681b(f), which provides, in relevant part: "A person shall not use or obtain a consumer report

for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681b(f). To state a FCRA claim of willful or knowing "acquisition of a consumer report, a plaintiff must prove each of the following: (i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state. *Shepherd-Salgado v. Tyndall Fed. Credit Union*, No. 11-0427-WS-B, 2011 WL 5401993, at *3 (S.D. Ala. Nov. 7, 2011). The critical question with regard to all three FCRA claims is whether Plaintiff's allegations give rise to a plausible inference that Midland accessed her credit report without a permissible purpose.

It is permissible for a consumer reporting agency to furnish a consumer report "to a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). In short, it is permissible to obtain a consumer's credit report for collection purposes. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (affirming the district court's dismissal of plaintiff's FCRA claim because defendant debt collector accessed plaintiff's credit report to collect on debtor's delinquent credit card debt, which is authorized under the statute). That being said, "it is not a permissible purpose to pull a consumer's report where no actual debt exists." *Tacoronte v. Tate & Kirlin Associates*, No. 6:13-CV-331-ORL-37DAB, 2013 WL 5970720, at *9 (M.D. Fla. Nov. 8, 2013).

Here, Plaintiff alleges Midland "filed a lawsuit ... against Ms. Brown on June 18, 2013. As part of the Collection Suit ... , Midland Funding stated that Ms. Brown owed it ... the sum of

$2,442.39." (Doc. 1 at ¶ 16).  She further alleges she filed an Answer to the Collection Suit on August 29, 2013, "asserting that she was not indebted to Midland Funding and that any alleged outstanding debt that she may have had ... was more than six years old." (Doc. 1 at ¶ 18). Finally, she alleges on September 14, 2013, Midland pulled Plaintiff's credit report without a permissible purpose.  (Doc. 1 at ¶¶ 19-20).  The exhibits attached to Plaintiff's Complaint indicate that Midland Credit MGMT stated that it requested Plaintiff's credit report for collection purposes.  (Doc. 1 at 24).[3]

The question here is whether Plaintiff has properly alleged that she did not owe the debt, thus giving rise to the reasonable inference that Midland pulled her credit report for an impermissible purpose.  The court finds that she has not.  Plaintiff asserts in her response to the motion to dismiss that she "has alleged that the account Defendants were seeking to collect was not her account." (Doc. 13 at 6).  However, a review of the Complaint shows there is no such allegation.  In actuality, Plaintiff alleges that she filed an answer to the Collection Suit and in that answer she asserted that she was "not indebted to Midland Funding and that any alleged outstanding debt that she may have had to Barclays ... was more than six years old." (Doc. 1 at ¶ 18).  Even assuming that assertions made in the Collection Suit answer constitute allegations in this case, those allegations do not state that Plaintiff did not owe *any* debt related to the Barclays credit card.  In short, Plaintiff's complaint fails to allege that she did not owe the debt.  As such, she has not properly alleged that Midland pulled her credit report for an impermissible purpose.

---

[3] "Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion. *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985).

Accordingly, the undersigned finds that Midland's motion to dismiss the FCRA claims be granted.

### C. Motion for Summary Judgment as to the FDCPA Claim

Plaintiff alleges that Midland violated the FDCPA by filing the Collection Suit against her when it knew or should have known that its claims were barred by the applicable statute of limitations. (Doc. 1 at ¶ 22). In their motion for summary judgment, Defendants argue that the Collection Suit was timely, thus, Midland is entitled to judgment as a matter of law. (Doc. 7 at 11).

The relevant facts are: On June 18, 2013, four years and seven months after the date of last payment,[4] Midland filed the Collection Suit against Brown seeking to recover $2,442.39, plus post-judgment interest and costs. (Doc. 1 at 18-21).

The complaint in the Collection Suit alleged: Barclays Bank Delaware Juniper issued Brown a credit card, she used the credit card, and defaulted on her obligation to make monthly payments on the credit card account. (Doc. 1 at 19). Barclays mailed monthly bills reflecting, *inter alia*, the total balance due, to Brown at her address with the proper postage affixed. (*Id.*) These bills were not returned to Barclays as undelivered. (*Id.*) Further Brown did not dispute any of the information contained in the bills. (*Id.* at 20). These facts formed the support for three causes of action: (1) Breach of Contract, (2) Money Had and Received, and (3) Account Stated. (*Id.* at 18-21).

In her answer to the Collection Suit, Plaintiff asserted the following affirmative defense:

---

[4] The parties dispute when the statute of limitations for the claims in the collection action should begin to run. (Doc. 13 at 9 n. 1). Because the date used is immaterial for purposes of this motion, the court will use the earlier of the two dates, November 18, 2008.

> [T]he Complaint violates the statute of limitations pursuant to Alabama Code Section 6-2-37 for open accounts which must be commenced within three years, as it appears that this is an open account and the statute of limitations that should apply here is for an open account which is three years under the case of Ayers v. Calvary SVP1, LLC, 876 So. 2d 474 (Ala. 2003). Alternatively, if the court finds that this is not an open account, ... that the Complaint violates the statute of limitations pursuant to Alabama Code Section 6-2-34 which provides that an action founded on a promise in writing not under seal must be commenced within six years.

(Doc. 1 at 22).

The Collection Suit was dismissed on October 7, 2013. (Doc. 1 at 25). The order of dismissal states: "All parties represented by their respective counsel in open Court this date, by agreement and for good cause shown, this case is hereby dismissed with prejudice, costs of Court taxed against Plaintiff. (*Id.*) The small claims court never adjudicated the issue of whether the claims were barred by the statute of limitations.

To succeed on this motion as argued, Midland must establish that the underlying lawsuit was in fact timely filed. It is undisputed that the Collection Suit was filed four years and seven months after the date of last payment on the credit card. It is also undisputed that claims in the Collection Suit for breach of contract, money had and received, and account stated are all governed by a six-year statute of limitations.[5] Further, these claims are generally appropriate when attempting to collect on an outstanding credit card debt. *In re Bunch*, No. 14-80864-JAC-13, 2014 WL 6661692 (Bankr. N.D. Ala. Oct. 8, 2014). Accordingly, based on the face of the complaint in the Collection Suit, Midland's claims were timely.

In her answer to the Collection Suit, Plaintiff argued that the three-year statute applicable

---

[5] ALA. CODE § 6-2-34(4); *Johnson v. Life Ins. Co. Of Alabama*, 581 So. 2d 438, 443 (Ala. 1991); *Wyatt v. Bradford & Co., P.C.*, 456 So. 2d 822, 823 (Ala. Civ. App. 1984).

to open accounts should control.  There is also no question that Alabama recognizes a cause of action to recover on an open account that is governed by a three-year statute of limitations.  *Ayers v. Cavalry SVP I, LLC*, 876 So. 2d 474, 478 (Ala. 2003).  That being said, a claim to collect on an open account is not mutually exclusive of other claims such as breach of contract or account stated.  *See Stacey v. Peed*, 142 So. 3d 529, 530 (Ala. 2013).  In other words, a complaint may contain claims for breach of contract, money had and received, account stated, *and* open account.  If such a complaint existed, the first three claims would be governed by the six-year statute of limitations and the last by the three-year statute.  The existence of the open account cause of action as a possible cause of action does not have any effect on the claims that were pleaded in the Collection Suit complaint.  To the extent Plaintiff asserts that breach of contact, money had and received, and account stated are not applicable to the factual allegations in the Collection Suit, the appropriate response would be to move for dismissal or summary judgment on those claims, not to argue that a different cause of action is more applicable and thus the statute of limitations for that cause of action should apply

      Finally, Plaintiff appears to argue that in order to be entitled to summary judgment at this stage, Midland must affirmatively prove that the account that was the subject of the Collection Suit was a writing not under seal.  (Doc. 13 at 8-9).  In other words, according to Plaintiff, Midland must submit evidence showing that the underlying debt meets the elements for a writing not under seal.  To impose this requirement on Defendants would essentially require them to prove they were entitled to judgment on that claim at the small claims court.  Whether Midland was entitled to win the Collection Suit is not the question here.  Rather, it is whether that Collection Suit was timely filed.

Defendants have met their burden to establish that the Collection Suit was timely filed. Accordingly, Plaintiff's FDCPA fails as a matter of law. The undersigned recommends that Defendants' motion for summary judgment be granted as to this claim.

## VI.   CONCLUSION

In accordance with the foregoing, the court finds that Defendants' Motion to Dismiss and Motion for Partial Summary Judgment (doc. 7) be **GRANTED.** Accordingly, the undersigned finds Count I is due to be dismissed with prejudice and that the remaining Counts (II-VI) are due to be dismissed without prejudice. Because Plaintiff requests leave of court to amend her complaint should the court find against her, Plaintiff is due to be granted ten days to file an amended complaint as to the claims being dismissed without prejudice. An appropriate order will be entered.

**DONE**, this the 20th day of April, 2015.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge